SJ2021CV03092 24/05/2021 10:19:37 am Entrada Núm. 2 Página 1 de 2     **EXHIBIT A**

Estado Libre Asociado De Puerto Rico
**TRIBUNAL GENERAL DE JUSTICIA**
**Tribunal de Primera Instancia**
Sala Superior De Bayamón

| | |
|---|---|
| TED S. RICHAN, <br> Parte Querellante, <br><br> v. <br><br> AGEISS, INC. <br> Parte Querellada | CASO NUM. SJ2021CV03092 <br><br> Salón Núm.  602 <br><br> Acción Civil de: <br> LEY NÚM. 2: PROCEDIMIENTO SUMARIO DE RECLAMACIONES LABORALES, <br> LEY NÚM. 80: DESPIDO INJUSTIFICADO, <br> LEY NÚM. 115: REPRESALIAS |

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A:   AGESISS, INC., parte querellada
     Dirección Física: Calle 1 SE, #903 Reparto Metropolitano, San Juan, PR 00921
     Dirección Postal: PO Box 270111, San Juan, PR 00927

POR LA PRESENTE, se le emplaza, con copia de la querella radicada en su contra al amparo de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, apercibiéndole que deberá presentar al Tribunal su contestación por escrito a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaría del tribunal; con constancia de haber servido copia de la misma al (a la) abogado(a) de la parte querellante o a esta si hubiere comparecido por derecho propio, dentro de diez (10) días de haber sido diligenciado este emplazamiento, si este se hiciere en la Región Judicial donde se promueve la acción, y dentro de quince (15) días en los demás casos. Se le apercibe, además, que, si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle.

**FRANCISCO E. COLÓN-RAMÍREZ**
RUA NÚM.: 10988
**PORZIO, BROMBERG & NEWMAN (PR), LLC**
**Dirección Física:** 1225 Ponce de León Ave.
VIG Tower Suite 1503
San Juan, PR 00907
**Dirección Postal:** PO Box 361920
San Juan, PR 00936-1920
Tel. 888-760-1077
Fax 305-507-1920
Correo electrónico: fecolon@colonramirez.com

24 MAY 2021

Expedido bajo mi firma y sello del Tribunal hoy ___ de mayo de 2021.

| | Por: |
|---|---|
| Nombre del (de la) Secretario(a) Regional | Nombre del (de la) Secretario(a) Auxiliar del Tribunal <br> Secretaria Regional <br> María Ocasio Rodríguez <br> Secretaria Auxiliar <br> Firma del (de la) <br> Secretario(a) Auxiliar del Tribunal |

K027

SJ2021CV03092 24/05/2021 10:19:37 am Entrada Núm. 2 Página 2 de 2

CASO NÚM. SJ2021CV

## CERTIFICADO DE DILIGENCIAMIENTO POR ALGUACIL(A)

Yo, _____, Alguacil(a) del Tribunal de Primera Instancia de Puerto Rico, Sala de _____,
CERTIFICO que el diligenciamiento del emplazamiento y de la querella del caso de referencia fue realizado por mi el ____ de _____ de 2018, de la siguiente forma:

☐ Mediante entrega personal a la parte querellada en la siguiente dirección física:

☐ Accesible en la inmediata presencia de la parte querellada en la siguiente dirección física:

☐ Dejando copia de los documentos a un(a) agente autorizado(a) por la parte querellada o designada por ley para recibir emplazamientos en la siguiente dirección física:

☐ No se pudo diligenciar el emplazamiento personalmente debido a que:

En San Juan, Puerto Rico, a _____ de _____ de 2018.

_____          _____
Nombre del (de la)                Nombre del (de la) Alguacil(a) de Primera
Alguacil(a) Regional              Instancia y Número de Placa

                                  _____
                                  Firma del (de la) Alguacil(a) de Primera
                                  Instancia

## CERTIFICADO DE DILIGENCIAMIENTO POR ALGUACIL(A)

Yo, **Christopher Krepp**, declaro tener la capacidad legal conforme la Regla 4.3 de Procedimiento Civil de Puerto Rico, y certifico que el diligenciamiento del emplazamiento y de la demanda del caso de referencia fue realizado por mí, el **27** de **Mayo** de 2018, de la siguiente manera: **2021-CV**  **2021-CV**
CERTIFICO que el diligenciamiento del emplazamiento y de la querella del caso de referencia fue realizado por mi el **27** de **Mayo** de 2018, de la siguiente forma:

☐ Mediante entrega personal a la parte querellada en la siguiente dirección física:

☐ Accesible en la inmediata presencia de la parte querellada en la siguiente dirección física:

☒ Dejando copia de los documentos a un(a) agente autorizado(a) por la parte querellada o designada por ley para recibir emplazamientos en la siguiente dirección física: **Ave. De Diego #125, Urb. San Francisco, San Juan, P.R.**
☐ No se pudo diligenciar el emplazamiento personalmente debido a que:

**P/C - Edgardo Rosario**

En San Juan, Puerto Rico, a _____ de _____ de 2018.

_____          _____
Nombre del (de la)                Nombre del (de la) Alguacil(a) de Primera
Alguacil(a) Regional              Instancia y Número de Placa

                                  _____
                                  Firma del (de la) Alguacil(a) de Primera
                                  Instancia

## DECLARACIÓN DEL (DE LA) EMPLAZADOR(A)

Declaro bajo pena de perjurio, conforme las leyes del Estado Libre Asociado de Puerto Rico, que la información provista en el diligenciamiento del emplazamiento es verdadera y correcta.
Y PARA QUE ASI CONSTE, suscribo la presente en **San Juan**, Puerto Rico, hoy **27** de **Mayo** de 2018. **2021-CV**

                                  **San Juan, P.R.**
_____          _____
Firma del (de la) emplazador(a)   Dirección del (de la) emplazador(a)

AFIDAVIT NÚM. _____

Jurado y suscrito ante mi por _____, de las circunstancias personales anteriormente mencionadas, a quien doy fe de ☐ conocer personalmente ☐ haber identificado mediante _____.

En San Juan, Puerto Rico, a _____ de _____ de 2018.

_____     Por:  _____
Nombre del Notario o              Nombre del (de la) Secretario(a)
Secretario(a) Regional            Auxiliar del Tribunal

                                  _____
                                  Firma del (de la)
                                  Secretario(a) Auxiliar del Tribunal

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| TED S. RICHAN, QUERELLANTE, V. AGEISS, INC. QUERELLADA | CIVIL NÚM. RE: LEY NÚM. 2: PROCEDIMIENTO SUMARIO DE RECLAMACIONES LABORALES, LEY NÚM. 80: DESPIDO INJUSTIFICADO, LEY NÚM. 115: REPRESALIAS |
|---|---|

**QUERELLA**

AL HONORABLE TRIBUNAL

COMPARECE la parte querellante, el Sr. Ted S. Richan, por conducto de su representación legal que suscribe y muy respetuosamente expone, alega y solicita:

1. El querellante es mayor de edad, casado y vecino de San Juan, Puerto Rico. Su dirección residencial es: 72 Calle Ojeda, San Juan, PR 00907, y su teléfono es: 703-859-3367.

2. La querellada AGEISS, Inc., es una corporación foránea organizada bajo las leyes del Estado de Colorado, cuya oficina designada en Puerto Rico está localizada en Calle 1 SE, #903 Reparto Metropolitano, San Juan, P.R. 00921, y con dirección postal P.O. Box 270111, San Juan, PR 00927. Su teléfono es 888-705-7274.

3. AGEISS, Inc., se dedica a brindar servicio de consultoría en asuntos de ingeniería, energía, operación y administración de facilidades y servicios de consultoría profesionales principalmente a agencias gubernamentales.

4. El querellante Ted S. Richan comenzó a trabajar para la querellada en el 4 de noviembre de 2013 como consultor "senior" (Senior Consultant). En esta capacidad, entre otras funciones tangenciales, dirigía las operaciones del día a día, la estrategia de negocio y supervisaba entre 150 a 240 empleados.

5. El querellante Ted S. Richan se mudó a Puerto Rico en el 2016 con la aprobación de AGEISS, Inc. Desde Puerto Rico continuó tomando todas las decisiones relacionadas a las operaciones del día a día y desarrollaba las estrategias del negocio desde Puerto Rico. AGEISS, Inc., le hacía las retenciones de nómina de rigor bajo las leyes de Puerto Rico, remitía las retenciones a las agencias pertinentes en Puerto Rico, e informaba los ingresos del querellante al Departamento de Hacienda mediante el formulario 499R-2/W-2PR.

1

6. A diciembre del 2021, el salario de Ted S. Richan era $255,091.20 al año (lo cual equivale a $21,257.60 al mes o $9,811.20 cada dos semanas). Además, recibió un bono de $55,000 en el 2020, lo cual equivale a $4,583.33 al mes, o $2,115.39 cada dos semanas.

7. Desde el 2013, el querellante obtuvo evaluaciones sobresalientes, bonificaciones y elogios por su excelente desempeño en AGEISS, Inc. Tanto es así que desde aproximadamente el 1 de junio de 2020 lo nombraron Presidente Interino de la compañía, tomaba decisiones y corría todas las operaciones. El querellante nunca obtuvo una amonestación verbal o por escrito, ni fue suspendido de su empleo o sueldo mientras laboró en AGEISS, Inc. Por el contrario, fue un empleado ejemplar que, por todas estas razones, se le vendió la compañía en diciembre 2020 de modo que pudiera continuar operándola a su mejor haber y entender (adquirió el 100% de las acciones sin derecho a voto, pero las acciones con derecho a voto no pasarían a su nombre hasta tanto se saldara un préstamo que los tenedores de las acciones con derecho al voto, Jeffrey y Donna Lawrence, le habían extendido). De hecho, efectivo el 1 de enero de 2021 AGESISS, Inc. lo nombra Presidente en propiedad. No obstante, la querellada despidió al querellante, Ted S. Richan, sin justa causa efectivo el 31 de marzo de 2021.

8. La querellada despidió al querellante, Ted S. Richan, por represalia, posterior a que el querellante iniciara una investigación interna luego de recibir quejas de hostigamiento y discrimen en base a edad. El querellante comenzó la investigación luego de que el 10 de febrero de 2021 recibiera un correo electrónico de una empleada informando que renunciaba a su puesto por una práctica y patrón de hostigamiento y ambiente hostil cometido por Sadie Suniga, Gerente de Contabilidad, en base a su edad. En dicho correo electrónico, la empleada informó haber discutido estos asuntos con Recursos Humanos pero que, aun así, el patrón de acoso y discrimen incrementó a comentarios directos en base a su edad. Específicamente, en mayo del 2020, esta empleada había presentado una carta de tres páginas a Recursos Humanos con alegaciones que, de ser ciertas, presentaban evidencia directa de hostigamiento, ambiente hostil y discrimen. Entre las cosas relatadas por la empleada, la Sra. Suniga le dijo "<u>quizás eres demasiado vieja para cumplir con las exigencias del puesto y tienes que mirarte en el espejo y ser realmente honesta contigo misma</u>" (énfasis nuestro).

9. El querellante, Ted S. Richan, inmediatamente se percató que la conducta reportada era ilegal y, además, exponía a AGEISS, Inc. a responsabilidad civil. El querellante se

2

percató que los problemas con la Sra. Suniga venían desde hace tiempo, Recursos Humanos sabía sobre la misma, aun así, nunca tomó acción, nunca condujeron una investigación inmediata interna, ni entrevistaron a las partes o testigos, ni adjudicaron internamente sobre las alegaciones de la empleada. Jeffrey B. Lawrence, el dueño de AGEISS, Inc. durante el 2020 mientras esta práctica y patrón se desarrollaba, indicó tener propio y personal conocimiento sobre la conducta y comportamiento de la Sra. Suniga, inclusive, admitió que habían tenido muchos problemas y la Sra. Suniga era el "denominador común". Posteriormente, en el 2021, cuando el Sr. Richan trató de tomar acción interna, la señora Donna Lawrence, esposa del señor Lawrence y también dueña de AGEISS, Inc., le informó al Sr. Richan que iniciar una investigación interna expondría a AGEISS, Inc. a responsabilidad y ocasionaría la salida de la señora Suniga y eso no podía suceder debido a que la señora Suniga era "indispensable" para AGEISS, Inc. y había tomado y costado mucho lograr conseguirla por lo que ahora no podían financieramente permitir perderla.

10. Entre las cosas sobre las cuales el querellante, Ted S. Richan, tenía conocimiento, estaban las siguientes:

- La Sra. Suniga y el gerente de Recursos Humanos requirieron mediación para resolver un problema en la relación laboral entre ambos;

- La Sra. Suniga le había gritado a sus supervisados y había sido hostil con ellos y, en lugar de aconsejar a Suniga a que atemperara su conducta, el equipo gerencial "senior" y la oficina de contabilidad fueron obligados a tomar un curso en "conversaciones críticas";

- El propio querellante había intervenido con la Sra. Suniga para más o menos junio del 2020, donde ella admitió que le gritaba a los supervisados y que los trataba mal;

- En lugar de brindar consejería a Suniga, tomaron acción contra otra empleada de la oficina de contabilidad argumentando que era esta empleada quien debía recibir entrenamiento en ser asertiva para poder lidiar con Suniga.

11. Para sorpresa del querellante, el expediente de personal de la Sra. Suniga estaba huérfano de cualquier tipo de amonestación alguna. Aunque a la luz de la evidencia directa de discrimen lo lógico era disciplinar a Suniga, la Sra. Suniga era protegida por AGEISS, Inc., en

3

particular el Sr. Jeffrey Lawrence y su esposa Donna Lawrence, quienes eran ejecutivos de la empresa y dueños de todas las acciones con derecho al voto. Según la Sra. Donna Lawrence expresó en reuniones de la Junta de Directores e inclusive llegó a poner por escrito en varios correos electrónicos, ella entendía que la Sra. Suniga estaba sumamente sensitiva y que no le tomaría mucho renunciar, lo cual según la Sra. Donna Lawrence sería perjudicial para AGEISS. En las palabras de Sra. Donna Lawrence, "we would be fucked if Sadie resigned" (énfasis nuestro). La Sra. Donna Lawrence literalmente sugirió "arreglar" el expediente de personal de Suniga para añadir documentos que defendieran acciones de personal tomadas, a lo que el Sr. Richan se opuso por constituir una manipulación de evidencia.

12. En represalia por el querellante haber tomado acción interna solicitando una investigación a fondo sobre las alegaciones contra la Sra. Suniga de discrimen, práctica y patrón de acoso en base a edad creando un ambiente hostil y toda vez que la Sra. Suniga era protegida de los esposos Lawrence, AGEISS, Inc., empezó un patrón de represalia, discrimen, trato desigual y hostigamiento hacia al querellante que inició con una degradación en las responsabilidades esenciales del trabajo del querellante y culminó con un despido injustificado. La querellada buscó desacreditarlo, por primera vez quitándole las funciones de supervisión que ejercía el querellante, informándole a los supervisados del querellante que no podían hablar ni reportarse con él, poniendo bajo escrutinio excesivo y vigilancia el desempeño y trabajo del querellado, así como negándole ir a reuniones que solía participar y negándole información a la que usualmente tenía acceso, entre otras acciones adversas. De este modo AGEISS, Inc. descendió y finalmente despidió sin justa causa al querellante, en represalia por ejercer un mandato legal y ejercer su función de investigar de manera expedita e interna a una empleada acusada de discriminar y acosar a otros, pero protegida por los esposos Lawrence.

**PRIMERA CAUSA DE ACCIÓN – MESADA LEY NÚM. 80**

13. Toda vez que AGEISS, Inc., despidió al querellante sin justa causa, y toda vez que el querellante comenzó a trabajar con AGEISS, Inc., antes de la reforma laboral, AGEISS, Inc., viene obligada a pagarle al querellante una mesada bajo la Ley Núm. 80 compuesta por tres meses de sueldo, más la indemnización progresiva de dos semanas de sueldo por siete años de servicio completado. La mesada adeudada asciende a $163,557.73.

4

## SEGUNDA CAUSA DE ACCIÓN – REPRESALIA LEY NÚM. 115

14. El despido de querellante en represalia está prohibido por la Ley Núm. 115. Todo patrono que despida a un empleado en violación a la Ley Núm. 115 viene obligado a indemnizar todos los daños económicos sufridos por el empleado despedido, y los daños emocionales sufridos por el empleado, más viene obligado a pagar una penalidad doble, más viene obligado a reinstalar al empleado despedido en su puesto.

14. Desde que la querellada AGEISS, Inc., despidió sin justa causa y como represalia al querellante Ted S. Richan, el querellante ha dejado de recibir ingresos. Los ingresos que ha perdido al ser ilegalmente despedido ascienden a $255,000 al año más su bono, el último siendo de $55,000, lo cual equivale a $12,115.39 cada dos semanas. AGESISS, Inc., viene obligado a indemnizarle al querellante dicha suma, la cual continúa ascendiendo al ritmo de $12,115.39 cada dos semanas, más la penalidad doble que dispone la Ley Núm. 115.

14. A consecuencia de los actos tomados por AGEISS, Inc., en contra del querellante, incluyendo el hostigamiento que sufrió, la humillación, y la ansiedad a perder su empleo, el querellante ha sufrido intensas angustias mentales as cuales se estiman conservadoramente en $250,000.00. AGEISS, Inc., viene obligado a indemnizarle tales daños emocionales al querellante, más pagarle la penalidad doble que dispone la Ley 115.

15. Conforme la Ley 115 AGEISS, Inc., además viene obligado a reinstalar al querellante en su puesto.

POR TODO LO CUAL, se solicita muy respetuosamente al Honorable Tribunal que, por los fundamentos antes expuestos, condene a la parte querellada, AGEISS, Inc., a satisfacerle al querellante la suma de $163,557.73 por concepto de mesada, más los daños económicos sufridos, las angustias mentales sufridas, la penalidad doble que dispone la Ley Núm. 115, y además ordene a AGESISS, Inc., a reinstalar al querellante, y pagar sus costas y honorarios de abogado.

En San Juan, Puerto Rico, hoy 21 de mayo de 2021.

5

Respetuosamente sometido,

**f/ FRANCISCO E. COLÓN RAMÍREZ**
FRANCISCO E. COLÓN RAMÍREZ
RUA NÚM. 10988
**PORZIO, BROMBERG & NEWMAN (PR), LLC**
PO Box 361920
San Juan, PR 00936-1920
Tel. 888-760-1077
Fax. 305-507-1920
E-mail: fecolon@pbnlaw.com
fecolon@colonramirez.com

&

**f/ YAMIL JASKILLE-MÚJICA**
YAMIL JASKILLE-MÚJICA
RUA NÚm. 15484
AMERICOUNSEL, LLC
400 FD Roosevelt Ave.
Suite 501
San Juan, PR 00918
Tel: 787-957-3133
Cel.: 202-288-7135
E-Mail: jaskille@americounsel.com

6