THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**TED S. RICHAN,**

    **Plaintiff,**

    **v.**

**AGEISS, INC.,**

    **Defendant.**

**Civil No. 21-1266 (ADC)**

## OPINION AND ORDER

Before the Court is defendant AGEISS, INC.'s, ("AGEISS") motion to compel arbitration under the Federal Arbitration Act ("FAA"). **ECF No. 11**. Also before the Court is AGEISS's motion to dismiss based on improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) or, in the alternative, to transfer venue under 28 U.S.C. § 1404(a). **ECF No. 12**. Ted S. Richan ("Plaintiff") filed an omnibus opposition. **ECF No. 14**. Defendant replied. **ECF No. 19**. For the ensuing reasons, the Court **DENIES WITHOUT PREJUDICE** Defendant's motion to compel arbitration and **GRANTS** Defendant's motion to transfer venue.

**I.    Procedural and Factual Background**[1]

Plaintiff filed a complaint against AGEISS in state court on May 24, 2021. **ECF No. 6-1 at 3-8**. He raised claims of wrongful termination under Puerto Rico's Law 80 of May 30, 1976, ("Law 80") and retaliation under Law 115 of December 20, 1991 ("Law 115"). **ECF No. 6-1 at 6-**

---

[1] The following are Plaintiff's allegations in his complaint. **ECF No. 6-1**. For these motions, the Court accepts as true all the factual allegations in the complaint and construes all reasonable inferences in favor of Plaintiff. *See Beddall v. State St. Bank & Tr. Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

**7**. *See also* P.R. Laws Ann. tit. 29, §§ 185a, *et seq*; P.R. Laws Ann. tit. 29, §§ 194, *et seq*. Defendant removed the suit on June 7, 2021, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. **ECF No. 1**.

AGEISS is a Colorado corporation that provides consultation services. Plaintiff began working for AGEISS in 2013, as a senior consultant. In 2016, he moved to Puerto Rico but continued to work for AGEISS, remotely. In June of 2020, he was appointed AGEISS's acting president. Then, in December of 2020, he acquired 100% of the non-voting shares "and the shares that had voting rights would be put in his name once he paid off a loan that the holders of the voting shares, Jeffrey and Donna Lawrence, had granted him." "In fact, effective on January 1, 2021, AGEISS, Inc. appointed him president on a permanent basis." Nevertheless, Defendant terminated Plaintiff on March 31, 2021. Plaintiff claims that Defendant wrongfully terminated him in retaliation for initiating an internal investigation into Accounting Manager Sadie Suniga regarding allegations of age discrimination and harassment.

The "Executive Employment Agreement" that made Plaintiff president of AGEISS contains a valid forum-selection clause in Section 5.5. **ECF No. 11-1 at 16**. The forum-selection clause states, in relevant part, that: "[t]he parties shall agree on venue for any disputed matter and if they cannot agree exclusive venue shall be the Denver, Colorado metropolitan area." *Id.* Furthermore, the agreement stipulates: "This Agreement shall be governed by, and construed in accordance with, the laws of the State of Colorado without its conflict of law principles. All disputes regarding this Agreement *shall [be] resolved by arbitration* to be administered by the American Association of Arbitration." *Id.*

**II. Discussion**

The Court begins by noting an intertwined issue that arises from the simultaneous filing of a motion to compel arbitration under the FAA and a motion to transfer venue under 28 U.S.C. § 1404(a) when the underlying agreement has both an arbitration clause and a forum-selection clause. *See Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 59 (2013) (holding that the proper mechanism to enforce forum-selection clauses is § 1404(a) and not § 1406(a) nor Fed. R. Civ. P. 12(b)(3)).[2] Section 4 of the FAA explicitly addresses the issue of where is the proper venue to entertain motions to compel arbitration. *See Nat. Indem. Co. v. Transatlantic Reins. Co.*, 13 F. Supp. 3d 992, 1000 (D. Nev. 2014). It reads, in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement . . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.

---

[2] AGEISS argues the case should be dismissed for improper venue under Rule 12(b)(3) because it fails to comport to the venue requirements of 28 U.S.C. § 1391(b). Plaintiff counters that it does because according to Section 1391(b)(2), the district of Puerto Rico is where a substantial part of the events giving rise to the claim occurred. Plaintiff states that he has been working from Puerto Rico since 2016 with AGEISS's permission. **ECF Nos. 6-1 at 3; 14 at 4; 14-2; 14-3; 14-4; 14-5; 14-6; 14-7.** The Court agrees with Plaintiff given that a substantial part of his wrongful termination and workplace retaliation claims occurred from his employment, which he performed in Puerto Rico. However, the existence of a valid forum-selection clause requires the Court to undergo a separate analysis. *See Atlantic Marine*, 571 U.S. at 62 ("When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause").

9 U.S.C. § 4. Unfortunately, Section 4 fails to provide clear guidance on this issue. Thus, federal circuits have taken three different approaches when the underlying agreement states that arbitration shall proceed in another district. The First Circuit has not had an opportunity to address this issue. *See Oliveira v. New Prime, Inc.*, 857 F.3d 7, 11 n. 7 (1st Cir. 2017).

The first approach is that a district court may compel arbitration in the venue specified in the agreement, even when that venue is in another district. *See Nat. Indem. Co.*, 13 F. Supp. 3d at 1001 (*citing Dupuy-Busching Gen. Agency, Inc. v. Ambassador Ins. Co.*, 524 F.2d 1275, 1276-1278 (5th Cir. 1975)). The second approach permits a district court to compel arbitration in its own district, even when an arbitration clause specifies another venue. *See id.* (*citing Continental Grain Co. v. Dant & Russell*, 118 F.2d 967, 968-969 (9th Cir. 1941)).

The third, majority approach is that when an arbitration provision contains a forum selection clause, the only proper venue in which to compel arbitration is the venue encompassing that forum. *See Nat. Indem. Co.*, 13 F. Supp. 3d at 1001-1002 (*citing Haber v. Biomet, Inc.*, 578 F.3d 553, 558 (7th Cir. 2009); *Ansari v. Qwest Commc'ns Corp.*, 414 F.3d 1214 (10th Cir. 2005); *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1018 (6th Cir. 2003); *J.P. Morgan Sec. Inc. v. La. Citizens Prop. Ins. Corp.*, 712 F. Supp. 2d 70, 82-83 (S.D.N.Y. 2010); *Am. Int'l Specialty Lines Ins. Co. v. A.T. Massey Coal Co., Inc.*, 628 F. Supp. 2d 674, 683 (E.D. Va. 2009)).

Here, the Court favors the third approach because it best adheres to Section 4 of the FAA. It does not require the Court to ignore the statute's directives that arbitration "shall . . . proceed . . . in accordance with the terms of the agreement." *Nat. Indem. Co.*, 13 F. Supp. 3d at 1002 (*quoting*

9 U.S.C. § 4). In this particular case, the terms of the agreement indicate that arbitration shall proceed in the Denver, Colorado metropolitan area so long as the parties have not agreed to a different venue. **ECF No. 11-1 at 16**.

The Court holds that the only proper venue in which to compel arbitration is the venue envisioned in the forum-selection clause. Furthermore, forum-selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).[3]

In the case at hand, the "Executive Employment Agreement" that made Plaintiff president of AGEISS contains a valid forum-selection clause in Section 5.5. **ECF No. 11-1 at 16**. The forum-selection clause states, in relevant part, that: "[t]he parties shall agree on venue for any disputed matter and if they cannot agree exclusive venue shall be the Denver, Colorado metropolitan area." *Id.* Plaintiff has not presented evidence of an agreement demonstrating that venue in Puerto Rico is proper. Thus, the only proper venue to compel arbitration is a forum situated in Denver, Colorado. *See Atlantic Marine*, 571 U.S. at 59 (Section 1404(a) permits transfer to any district where venue is also proper or which the parties have agreed upon by contract or

---

[3] Plaintiff avers that the "Executive Employment Agreement" containing the forum-selection clause is invalid because it was never signed due to the parties not agreeing on its final version. **ECF No. 14 at 2, 11**. AGEISS replies that Plaintiff did indeed agree to the terms of the "Executive Employment Agreement" via email by consenting to having it signed on his behalf. **ECF No. 19 at 2**. The Court agrees with AGEISS. It appears that Plaintiff consented to having the "Executive Employment Agreement" signed on his behalf when he said, "Everything looks good. Patty – please sign for me as well." **ECF No. 11-1 at 10**. The Court finds that Plaintiff fails to show that the forum-selection clause is unreasonable under the circumstances.

stipulation). This is true regardless of the fact that Plaintiff's suit is premised on Puerto Rico labor law because arbitration agreements are nevertheless enforceable to claims under those statutes, *Colón-Vázquez v. El San Juan Hotel & Casino*, 483 F. Supp. 2d 147, 151-53 (D.P.R. 2007), and only a Colorado forum can actually enforce the arbitration agreement. *See Atlantic Marine*, 571 U.S. at 59.

Evidently so, Defendant asks the Court to transfer the case to the U.S. District Court for the District of Colorado under 28 U.S.C. § 1404(a). **ECF No. 12 at 16-18**.

Typically, the Court must evaluate both the convenience of the parties and several public-interest considerations when considering a Section 1404(a) motion. *See Atlantic Marine*, 571 U.S. at 62, n. 6 (listing considerations). The ordinary course of action is that the Court will weigh the relevant factors and determine whether, on balance, a transfer would serve "the convenience of the parties and witnesses" and otherwise promote "the interest of justice." *Id.* at 62-63 (citing 28 U.S.C. § 1404(a)). However, the presence of a valid forum-selection clause requires the Court to change the usual § 1404(a) analysis in three ways. *See id.* ("[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases").

First, Plaintiff bears the burden of establishing that transfer to Colorado is unwarranted. *See Atlantic Marine*, 571 U.S. at 63. Second, the Court should not consider arguments about the parties' private interests. *Id.* at 64. As a consequence, the Court may only consider arguments about public-interest factors only. *Id.* Third, when a party bound by a forum-selection clause disregards its contractual obligation and files suit in a different forum, a § 1404(a) transfer will

not carry with it the original venue's choice-of-law rules. *Id.* The Supreme Court deemed that exception necessary to prevent "defendants, properly subjected to suit in the transferor state," from "invoking § 1404(a) to gain the benefits of the laws of another jurisdiction." *Id.*

Here, the Court finds that Plaintiff did not prove that transfer to the parties' contractually preselected forum is unwarranted or inappropriate. Plaintiff did not show that the public-interest factors overwhelmingly disfavor a transfer.[4] Instead, Plaintiff focused on the wrong Section 1404(a) test that does not take into consideration the presence of a valid forum-selection clause and did not meritoriously address how public interests heavily disfavor a transfer. **ECF No. 14 at 5-12**. Therefore, the Court finds it prudent to have this case transferred to the U.S. District Court for the District of Colorado.

### III. Conclusion

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Defendant's motion to compel arbitration, **ECF No. 11,** and **GRANTS** Defendant's motion to transfer venue to the U.S. District Court for the District of Colorado, **ECF No. 12**.

Furthermore, the Court finds as **MOOT** Plaintiff's motion for miscellaneous relief regarding the case management memorandum, **ECF No. 16**, Defendant's motion for an order

---

[4] As stated above, that Plaintiff raises Law 80 and Law 115 claims does not weigh against the transfer because only a Colorado forum can enforce the arbitration agreement, and the public interests weigh in favor of arbitration being enforced in the case at hand. *See Colón-Vázquez*, 483 F. Supp. 2d at 151-53; *Atlantic Marine*, 571 U.S. at 59.

excusing the parties from filing the case management memorandum, **ECF No. 17**, Defendant's motion to restrict document, **ECF No. 18**, Plaintiff's motion for extension of time to respond to Defendant's motion to submit supplemental exhibits, **ECF No. 23**, Plaintiff's response to Defendant's motion to submit supplemental exhibits, **ECF No. 24**, Defendant's motion to strike, **ECF No. 26**, and Plaintiff's response to Defendant's motion to strike, **ECF No. 27**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 31st day of March, 2022.

**S/AIDA M. DELGADO-COLÓN**

**United States District Judge**